GRUNDY v STATE ex MARTIN

Ohio Appeals, 9th Dist, Lorain Co
No. 507. Decided November 8, 1929

Mr. A. H. West, Elyria, for Grundy.
Messrs. Webber & Symons, Elyria, for State ex Martin.

WASHBURN, J.

The record discloses that the magistrate did file, within the 30-day period, a certified transcript of the proceedings before him, which transcript contained copies of said original papers, and at the trial the originals were produced by the magistrate and the court permitted them to be then filed. We find no error in the rulings of the court in reference to said matter.

**Hoff v. Fisher, 26 OS. 7.**

It is also claimed that the court erred in permitting certain questions to be asked of a witness on cross-examination and that the judgment is excessive in amount; but we do not find any error as to either of said claims .

It is further claimed that there was error in the charge of the court, wherein the jurors were told that the proceedings were for the benefit of the public and not in the interests of or for the benefit of the complainant. The court's charge on this subject was as follows:

"While this proceeding is in a sense quasi-criminal in its nature, the statutory remedy provided by law in bastardy is not necessarily in the interests of or for the benefit of the prosecutrix, but the objects and purposes are to protect the state and the county against the possible necessity of the care of any child that may be illegitimate. ***

"It is the state of Ohio and the state of Ohio alone and the county that are concerned in this matter, and that is to determine whether or not the defendant is the one who should support and maintain this child in the future. That is the sole question for you to determine in your deliberations."

To so charge was plainly erroneous. Such a statement of the law was correct under the bastardy law before it was amended in 1923, but by that amendment the whole object and purpose of the law was changed; that change was pointed out by us in the opinion reversing a case tried by the same Common Pleas Court in 1926, wherein we stated that—

"From a consideration of these various statutes as they were and as they have been amended, we are of the opinion that the matter of maintenance of the illegitimate child was ·eliminated entirely from the bastardy act, and that a proceeding under the bastardy act as it now is, is for the sole benefit of the child or the mother of the child or her estate, and that the purpose of the proceedings under the present bastardy act is to compensate the mother, or her estate. for her necessary support, maintenance and expenses during pregnancy and child-birth ***."

Glenn Cowley v. State, ex rel. Effie Beebe, No. 366, Lorain County, decided May 8, 1926.

The important question is as to whether the error of the court in misstating the object and purpose of the law was prejudicial.

In some cases such error might be prejudicial, but, a consideration of the record in this case leads us to the conclusion that said error in the charge did not affect the verdict of the jury. The evidence is quite convincing, and clearly the proper verdict was rendered.

Moreover, there is no criticism of the charge in other respects, and the court did charge, that—

"The jury are not concerned with the judgment to be entered upon the verdict. You simply are to say whether the defendant is guilty or not guilty. If your verdict should be one of guilty, the court then determines what judgment should be pronounced on that verdict. If your verdict should be one of not guilty, the court then enters up a dismissal of the case."

The jurors were called upon to determine whether Grundy was the father of the child and were not concerned with the question of whether, under the law, the benefit of such finding would inure to the complainant or the public, and could not properly have been influenced thereby.

Finding no prejudicial error, the judgment is affirmed.

Funk, PJ., and Pardee, J, concur.